# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-273-RJC-DCK

| | |
|---|---|
| SHIRLEY SMITH,               ) | |
|                              ) | |
| Plaintiff,                   ) | |
|                              ) | |
| v.                           ) | **MEMORANDUM AND** |
|                              ) | **RECOMMENDATION** |
| GENUINE AUTO PARTS, INC. and ) | |
| METROPOLITAN LIFE INSURANCE  ) | |
| COMPANY and/or MET-LIFE      ) | |
| INSURANCE COMPANY,           ) | |
|                              ) | |
| Defendants.                  ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Metropolitan Life Insurance Company's Motion To Dismiss" (Document No. 6) and Defendant "Genuine Parts Company's Motion To Dismiss" (Document No. 14). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be granted.

## I. BACKGROUND

Plaintiff Shirley Smith ("Plaintiff" or "Smith") originally filed this action in the General Court of Justice, Superior Court Division, of Mecklenburg County, North Carolina on or about December 23, 2002. (Document No. 1-1.) The Complaint asserts claims for "ERISA Violation Fraud" and Unfair and Deceptive Trade Practics." Id.

On April 30, 2012, Defendant Genuine Auto Parts, Inc. (or Genuine Parts Company) ("Genuine") filed a "Notice Of Removal" (Document No. 1) with this Court, contending that the case was removable because Plaintiff's claims, in whole or in part, are pled under the Employee

Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA"). (Document No. 1). Defendant Metropolitan Life Insurance Company (or Met-Life Insurance Company) ("MetLife") consented to the removal. Id. Defendant Genuine asserts that none of the named Defendants have been formally served with a copy of the Complaint. Id.

According to Genuine, Plaintiff is seeking to recover long-term disability benefits under the Group Insurance Plan for Employees of Genuine Parts Company (the "Plan") pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Id. As such, Defendant Genuine contends that this matter presents a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). Id.

On May 25, 2012, "Defendant Metropolitan Life Insurance Company's Motion To Dismiss" (Document No. 6) was filed pursuant to Fed.R.Civ.P. 12(b)(4), (5) and (6). Plaintiff filed her "Brief In Opposition..." on July 2, 2012. MetLife's "Reply In Further Support..." (Document No. 13) was filed on July 10, 2012.

On August 17, 2012, "Genuine Auto Parts Company's Motion To Dismiss" (Document No. 14) was filed pursuant to Fed.R.Civ.P. 12(c). Plaintiff has failed to file a response to Genuine's motion, and the time to do so has lapsed. See Local Rule 7.1 (E).

Immediate review of the pending motions and a recommendation for disposition to the presiding district judge is now appropriate.

## II. STANDARD OF REVIEW

"The plaintiff bears the burden of establishing that the service of process has been accomplished in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure." Plant Genetic Systems, N.V., v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996). "Generally, where a statute specifically prescribes the method by which to notify a party against whom a proceeding

is commenced, service of the summons and complaint must be accomplished in that manner." Thomas & Howard Co. v. Trimark Catastrophe Servs., 151 N.C.App. 88, 91 (2002) (citing Fulton v. Mickle, 134 N.C.App. 620, 623 (1999)). "While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party." Id. (internal citation omitted). Rule 4 is "there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod–Stauffer Building Systems, Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); see also McDaniel v. Greyhound Lines, Inc., 3:08-cv-130-FDW, 2008 WL 2704774 at *4 (W.D.N.C. July 7, 2008). "When the defense challenges service, 'the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4.'" Mallard v. MV Transp., Inc., 2012 WL 642496 at *2 (D.Md. Feb. 27, 2012) (quoting O'Meara v. Waters, 464 F.Supp.2d 474, 476 (D.Md.2006)).

### III. DISCUSSION

Fed.R.Civ.P. 4(e) provides as follows:

> Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made....

Accordingly, the Plaintiffs were required to serve the Summons and the Complaint in the manner prescribed by North Carolina law, that is, in one of the following ways:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an

3

> agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1).

In this case, the Superior Court of Mecklenburg County issued two summonses on December 23, 2002, one to "Metropolitan Insurance Company," and the other to "Genuine Auto Parts, Inc." and "Metropolitan Insurance Company." (Document No. 7-1). Diana Day, Special Deputy for Service of Process with the Department of Insurance for the State of North Carolina accepted service of a Civil Summons and Complaint, as process agent for Metropolitan Insurance Company on December 27, 2002. (Document No. 7-2). On December 30, 2002, Plaintiff amended the caption to her Complaint to identify the defendants as Genuine Auto Parts, Inc. d/b/a NAPA, Metropolitan Insurance Company and/or Met-Life Insurance Company. (Document No. 1-1, p.6). There is no evidence that an Amended Complaint or revised Summons was served on either Defendant.

Over nine (9) years later, on or about March 16, 2012, Plaintiff's counsel sent a letter to Met-Life Insurance Company c/o Sharron O'Connor along with the 2002 Complaint. (Document No. 7-3). The letter inquired as to whether Defendant MetLife would consider re-evaluating Plaintiff's

4

claim from September 11, 1996.  Id.  Apparently, Plaintiff's counsel also attached an "Affidavit Of Service Of Process" stating that she mailed a copy of the Complaint and Summons to Metropolitan Insurance Company, which was accepted by Diana Day on December 27, 2002. (Document No. 7-3, p.9).  After receiving Plaintiff's March 16, 2012 letter, Defendant Genuine filed its "Notice Of Removal" (Document No. 1) with this Court.

It does not appear that Plaintiff contends that Defendant Genuine was ever served a copy of the Complaint and Summons.  Nor does Plaintiff offer any explanation for why she allowed a lawsuit filed in 2002 to sit for over nine (9) years before pursuing any further action. (Document No. 11).

Defendant MetLife argues that the "process naming Metropolitan Insurance Company and the service on Metropolitan Insurance Company is insufficient as to MetLife" and that "any attempt to now correct the deficient process or service of process would be untimely and barred by the applicable statute of limitations." (Document No. 7, pp.1-2).  Defendant MetLife contends that it "is, and has been at all times relevant to this action, licensed and authorized to do business in North Carolina. (Document No. 7, p.3).  "Moreover, MetLife is separate and distinct from, and has no relation to, Metropolitan Insurance Company," which is purportedly a Ghanaian insurer.  Id.

Defendant MetLife concludes that this action should be dismissed for insufficient process and insufficient service of process, pursuant to Fed.R.Civ.P. 12(b)(4) & (5). (Document No. 7, pp.3-13).  Defendant MetLife also concludes that dismissal is appropriate under Fed.R.Civ.P. 12(b)(6) because Plaintiff's claims are barred by the applicable statute of limitations.  (Document No. 7, pp.13-17).

In response to Defendant MetLife's motion to dismiss, Plaintiff argues that this matter is now governed by 28 U.S.C. § 1448, and that she "has until August 28, 2012 to perfect service on the

defendants in the instant matter.  **That time has not yet run**. Therefore this Motion to Dismiss is not yet ripe...." (Document No. 11, p.2).  Even accepting Plaintiff's argument as correct, Plaintiff has failed to assert, and there is no evidence in the record, that she has timely served Defendants since the matter was removed to this Court.  Plaintiff initiated this action in December 2002;  the time has run for her to effect proper service.

As noted above, Defendant Genuine has also filed a motion to dismiss, and to date, there has been no response from Plaintiff.  (Document No. 14).  Defendant Genuine's arguments are persuasive, and similar to those of Defendant MetLife.  Id.  Moreover, there does not appear to be any indication in the record that Plaintiff has ever asserted that Defendant Genuine was properly served a Summons and/or Complaint in this matter.

Based on the foregoing, the undersigned will respectfully recommend that this matter be dismissed for insufficient process and insufficient service of process, pursuant to Fed.R.Civ.P. 12(b)(4) & (5) and/or the North Carolina Rules of Civil Procedure.  In the alternative, the Court notes that this matter might also be dismissed for failure to prosecute under Fed.R.Civ.P. 41.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant Metropolitan Life Insurance Company's Motion To Dismiss" (Document No. 6) and Defendant "Genuine Parts Company's Motion To Dismiss" (Document No. 14) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after

service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: October 5, 2012

David C. Keesler
United States Magistrate Judge