UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-273-RJC-DCK

| | |
|---|---|
| SHIRLEY SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GENUINE AUTO PARTS INC. and ) <br> METROPOLITAN LIFE ) <br> INSURANCE COMPANY and/or ) <br> MET-LIFE INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Defendant Metropolitan Life Insurance Company's (MetLife) Motion to Dismiss, (Doc. No. 6), Defendant Genuine Parts Company's (GPC) Motion to Dismiss, (Doc. No. 14), the Magistrate Judge's Memorandum and Recommendations (M&R), (Doc. No. 15), and Plaintiff Shirley Smith's (Smith) Objections to the M&R, (Doc. No. 16). For the following reasons, the Court **ADOPTS** the recommendations of the Magistrate Judge and **GRANTS** Defendants' respective Motions to Dismiss.

I.  BACKGROUND

A. Procedural History

This case has a curious procedural history. Plaintiff Shirley Smith originally filed this action in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina on or about December 23, 2002 in a case captioned <u>Shirley Smith v. Genuine Auto Parts, Incorporated and Metropolitan Insurance Company</u>. (Doc. No. 1-1). The complaint

1

asserts claims for "ERISA Violation Fraud" and "Unfair and Deceptive Trade Practices." (Id.). The Plaintiff sought to obtain service on the parties through the North Carolina Insurance Commission and under the provisions of N.C. Gen. Stat. § 58-16-35. Defendants contend that they were not properly served with a copy of the December 23, 2002 complaint and Plaintiff has not submitted any evidence to dispute this contention. GPC contends that they were not served because they are not an insurance company and therefore were not amendable to service under the statute. (Doc. No. 14 at 7). Additionally, GPC maintains that it has been incorrectly identified in the Complaint as "Genuine Auto Parts." Likewise, Met-Life maintains that it is a separate and distinct entity from Metropolitan Life Insurance Company, a Ghanaian-based Insurance Company with whom it has no affiliation, official or otherwise. (Doc. No. 17. at 4, n3).

On December 30, 2002 Plaintiff amended the caption of the complaint to Shirley Smith v. Genuine Auto Parts, Inc., d/b/a NAPA, Metropolitan Insurance Company and/or Met-Life Insurance Company. (Id. at 6-7). Once again, both Defendants contend that they never received the December 30, 2002 amended complaint and Plaintiff has not submitted evidence to demonstrate otherwise. Plaintiff obtained an alias or pluries summons on June 24, 2005 for "MetLife Ins Co" and a second one approximately nine months later on March 17, 2006. (Doc. No. 17-1). There is no evidence that either of these summons were served on MetLife. (Id.).

Finally, over nine years after the original Complaint was filed, Plaintiff's counsel sent a letter dated March 16, 2012 to MetLife which included the original complaint, the amended complaint, and an affidavit of service of process. (Doc. No. 7-3). The enclosed Affidavit of Service of Process asserts that copies of the Summons and Complaint were received by MetLife

2

on December 27, 2002. (Id.). Attached as an exhibit was a December 27, 2002 letter from the North Carolina Department of Insurance accepting service as process agent for Metropolitan Insurance Company. (Id.).

On April 30, 2012 GPC filed a "Notice of Removal," (Doc. No. 1) with this Court, contending that the claims were pled under the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. (ERISA). (Id.). Defendant MetLife consented to the removal. According to GPC, Plaintiff seeks to recover long term disability benefits under the Group Insurance Plan for Employees of Genuine Auto Parts pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(e). (Id.).

On May 7, 2012 GPC filed an Answer to Plaintiff's Complaint in which, inter alia, it objected to insufficient service. (Doc. No. 2). On May 25, 2012 MetLife filed a Motion to Dismiss and Supporting Memorandum pursuant to Rules 12(b)(4), (5) and (6). See FED. R. CIV. P. 12(b). (Doc. Nos. 6 and 7). Plaintiff filed a Response in Opposition on July 2, 2012, (Doc. No. 11). On August 17, 2012 GPC filed a Motion to Dismiss pursuant to Rule 12(c). See FED. R. CIV. P. 12(c).

On October 5, 2012 the Magistrate Judge issued an M&R, (Doc. No. 15) recommending dismissal of the charges for insufficient process and insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) & (5) and/or the North Carolina Rules of Civil Procedure. In the alternative, the Magistrate Judge recommended dismissal for failure to prosecute under Rule 41 of the Federal Rule of Civil Procedure. Plaintiff submitted Objections to the M&R on October 22, 2012.

## II.     STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). A written objection to a magistrate judge's recommendation must identify the portion of the proposed findings or recommendations to which objections is made and state the basis for such objection. Opriano v. Johnson, 687 F.2d 44 (4th Cir. 1982). De novo review is not necessary where a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations. See United States v. Mertz, 376 U.S. 192 (1964).

## III.    DISCUSSION

Plaintiff listed three objections to the Magistrate Judge's M&R: (1) that Defendant, Metropolitan Insurance Company was already served with a Summons and Complaint prior to the Removal to Federal Court; (2) that the relationship between Metropolitan Insurance Company and MetLife is a question of material fact for a jury to determine; and (3) the Statute of Limitations has not run because the failure to provide benefits to Plaintiff is a "continually recurring violation." The Court reviews each of these objections de novo.

### A. Whether Defendants Were Properly Served Prior to Removal

Where service of process occurred prior to removal to federal court, state law controls the question of whether service was proper. Wolfe v. Green, 660 F.Supp.2d 738, 745-46 (S.D. W. Va. 2009) (internal citations omitted). Rule 4 of the North Carolina Rules of Civil Procedure dictates that "[u]pon the filing of the complaint, summons shall be issued … within five days."

4

N.C. GEN. STAT. § 1A-1; N.C. R. CIV. P. 4(a). The summons must "be directed to the defendant or defendants and shall notice each defendant to appear and answer within 30 days after its service upon him and further that if he fails so to appear, the plaintiff will apply to the court for the relief demanded in the complaint." Id.; N.C. R. CIV. P. 4(b).

A court may consider materials outside the pleadings to determine whether it can exercise jurisdiction over the defendants. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Absent valid service of process, a Court does not acquire personal jurisdiction over the defendant and the action must be dismissed. Armco, Inc. v. Penrod-Stauffer Bldg. Sys., 733 F.2d 1087, 1089 (4th Cir. 1984). Under North Carolina law, a mistake in a party's name in a summons is not always a fatal error. Jones v. Whitaker, 296 S.E.2d 27, 29 (1982). Where the "misdescription does not leave in doubt the identity of the party to be sued," it can be corrected by amendment during the suit. Harris v. Maready, 319 S.E.2d 912, 919 (N.C. 1984) (internal citations omitted). "The purpose and aim of the service of the summons are to give notice to the party against whom the proceeding or action is commenced." Jester v. Steam Packet Co., 42 S.E. 447, 448 (N.C. 1902). However, North Carolina requires that service of process statutes be strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant. Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 614 S.E.2d 378, 382 (N.C. Ct. App. 2005).

### MetLife

Although Plaintiff maintains that she served MetLife with the amended complaint, this fact is not supported in the evidentiary materials submitted by Defendant which include the entries of Service List for the original North Carolina suit. (Doc. No. 17-1). The evidence

5

clearly supports MetLife's contention that the only service effectuated in the instant suit was on Metropolitan Insurance Company, a separate and distinct entity. The record likewise bears out MetLife's claim that it first received actual notice of the suit nine years later when it received the March 16, 2012 letter from Plaintiff's counsel. North Carolina Rules direct that service be affected within five (5) days following the filing of a suit. N.C. R. CIV. P. 4(a). Here, Plaintiff has not submitted evidentiary material to support a finding that MetLife was properly served with the complaint, amended complaint, or alias or plural summons in such manner as to satisfy the requirements of North Carolina law. Accordingly, this Court cannot exercise personal jurisdiction over MetLife in this case and must dismiss the claims against it pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure.

GPC

Fed. R. Civ. P. 12(h)(1)(B) states: "A defense of … insufficiency of service of process is waived … if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." FED. R. CIV. P. 12(h)(1)(B). As the "Tenth Defense" listed in its answer, GPC claimed that "Plaintiff's claims fail due to insufficient process and insufficient service of process." (Doc. No 2 at 5). Accordingly, this Court finds that GPC did not waive the insufficiency of process defense by filing a responsive pleading because the defendant specifically lists insufficiency of service among the listed defenses. See Leach v. BB & T Corp., 232 F.R.D. 545 (N.D.W.Va. 2005).

There is no evidence to suggest that Defendant GPC was properly served in the instant case. Plaintiff originally sought to effect service of process on GPC, originally misidentified as Genuine Auto Parts, through the North Carolina State Insurance Commissioner's Office. GPC is

not an insurance company and it does not appear that service was effectuated for either the initial complaint or amended complaint.  Similar to MetLife, the evidence supports a finding that GPC was not given actual notice of the suit until nine years after the original complaint was filed when it received the March 16, 2012 letter from Plaintiff's counsel.  Accordingly, this court finds that service of process was insufficient as to GPC and that the court cannot exercise personal jurisdiction in this case.

### B. Whether Identification of MetLife Is a Question of Fact for a Jury

Plaintiff contends that the difference in identity between Metropolitan Insurance Company and MetLife is a question of material fact to be determined by a jury.  This Court disagrees.  "[A] judge may make factual findings necessary to resolve motions to dismiss for lack of personal jurisdiction, improper venue and ineffective service of process."  Bryant v. Rich, 530 F.3d 1368, 1376-77 (11th Cir. 2008).  This case is not a "whodunit?" for the jury to determine; it involves a contract between parties whose identities should be known to each other.  The identity of a party for the purposes of jurisdiction is a legal question for a court to determine.  Here, the Court agrees with and adopts the Magistrate Judge's finding that MetLife is a separate entity than Metropolitan Life Insurance Company and that any service of process upon the latter is not sufficient as to MetLife.

### C. Whether the Statute of Limitation Had Run

Because ERISA does not contain an express statute of limitations, "federal courts look to state law for an analogous limitation provision to apply."  Dameron v. Sinai Hospital of Baltimore, Inc., 815 F.2d 975, 981 (4th Cir. 1987).  Here, the Court adopts North Carolina's three year limitations period for breach of contract claims.  N.C. Gen. Stat. § 1-52(1).  The

7

Case 3:12-cv-00273-RJC-DCK   Document 18   Filed 12/28/12   Page 7 of 8

Statute of limitations begins to run once the plan participant learns that benefits have been formally denied. Wise v. Dallas & Mavis Forwarding Co., 753 F.Supp. 601, 607 (W.D.N.C. 1991). Significantly, the Fourth Circuit has rejected the "continual violations" theory advanced by plaintiff whereby each instance in which a benefits check could have been sent (but was not) constitutes a new violation. Cotter v. E. Conference of Teamsters Ret. Plan, 898 F.2d 424, 429 (4th Cir. 1990). In her March 16, 2012 letter, Plaintiff's Counsel notes that MetLife had "denied [Plaintiff's] attempts to apply for long-term disability benefits at various times between September 11, 1996 until the time of the filing of the Complaint in this case." (Doc. No. 7-3). Although this does not identify a specific moment in which Plaintiff learned of a denial of benefits, it establishes that such denial was communicated to Plaintiff at some time between September 11, 1996 and December 22, 2002 at which point the original complaint was filed in North Carolina Court. Accordingly, this Court finds that Plaintiff's claims are time barred under North Carolina law.

## IV. CONCLUSION

For the reasons stated above, this Court **ADOPTS** the Magistrate Judge's Recommendations and **DISMISSES** all claims under Federal Rule of Civil Procedure 12(b)(4) for insufficient service of process.

It is **THEREFORE ORDERED** that Defendant MetLife Motion to Dismiss (Doc. No. 6) and Defendant GPC's Motion to Dismiss (Doc. No. 14) are **GRANTED.** The Clerk of Court is directed to close this case.

Signed: December 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge